UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SHEPARDVILLE CONSTRUCTION, LLC,  :
    Plaintiff,  :
      :  **ORDER**
v.  :
      :  12 CV 3347 (VB)
J.K. SCANLAN CONSTRUCTION, INC., and  :
ARCH INSURANCE COMPANY, INC.,  :
    Defendants.  :
--------------------------------------------------------------x

      This action was commenced on April 26, 2012, with the filing of a verified complaint. Because the verified complaint failed properly to allege the citizenship of the constituent members of the plaintiff limited liability company ("LLC"), the Court ordered plaintiff, on May 3, 2012, to allege the citizenship of each of its constituent members. On May 7, 2012, plaintiff filed an amended verified complaint alleging that plaintiff's sole member is Universal Forest Products, Inc., a Michigan corporation with its principal place of business in Massachusetts. Since that makes plaintiff a citizen of Massachusetts, 28 U.S.C. § 1332(c)(1), and since one of the defendants is also alleged to be a citizen of Massachusetts, the amended complaint failed to allege complete diversity. 28 U.S.C. § 1332(a)(1). Accordingly, on May 14, 2012, the Court ordered plaintiff to show cause in writing by no later than May 28, 2012, why this case should not be dismissed for lack of subject matter jurisdiction.

      In response to the Court's May 14 order, plaintiff submitted an affidavit of an attorney, David A. Tutas, who claims to be "fully familiar with the facts and circumstances" set forth in the affidavit.[1] Mr. Tutas's affidavit, which includes an attached proposed second amended verified complaint, fails to show sufficient cause why this case should not be dismissed.

---

[1] The Tutas affidavit was filed on May 29, 2012, which was past the deadline set by the Court in its May 14 order.

Specifically, the affidavit states that the sole member of the plaintiff LLC is itself an LLC – Shawnlee Construction, LLC ("Shawnlee").[2]  The affidavit also states that Shawnlee has two constituent members, both of which are corporations – UFP Eastern Division, Inc., and UFP Holding Co., Inc.  Although the affidavit, inexplicably, fails to set forth the states of incorporation of these two corporations, attached to the affidavit are exhibits which purport to show that both corporations are incorporated in Michigan.  The affidavit goes on to state that the principal place of business of UFP Eastern Division, Inc., is in Georgia, and that the principal place of business of UFP Holding Co., Inc., is in Michigan.  Thus, it would appear from the Tutas affidavit (although it requires reference to the attached exhibits), that plaintiff is a citizen of Michigan and Georgia.

The proposed second amended verified complaint, however, still does not sufficiently allege subject matter jurisdiction.  It alleges that the plaintiff LLC's sole member is Shawnlee, and that Shawnlee's members are UFP Eastern Division, Inc., and UFP Holding Co., Inc.  Inexplicably, it does <u>not</u> allege the states of incorporation of these two corporations.  And it alleges that both corporations have their principal places of business in Michigan, which is contrary to the Tutas affidavit, in which Mr. Tutas states that the principal place of business of UFP Eastern Division, Inc., is in Georgia.  Also, inexplicably, the second amended verified complaint does not allege the state of incorporation of defendant Arch Insurance Company, Inc.

To say the least, the Court is frustrated by such sloppy practice on the part of plaintiff's counsel.  Plaintiff shall have until June 11, 2012, to show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction.  Plaintiff's submission shall include a proposed third amended verified complaint.  This will be plaintiff's third and final opportunity to

---

[2] Contrary to the Tutas affidavit, the amended verified complaint alleges that the sole member of the plaintiff LLC is a corporation – namely, Universal Forest Products, Inc.

properly and sufficiently allege subject matter jurisdiction as required by law.

Dated: June 1, 2012
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge